# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 24, 2008 Session

## LISA FAYE ROLAND CAMP v. RANDY COLEMAN CAMP

**Direct Appeal from the Chancery Court for Crockett County**
**No. 8752      Jon Kerry Blackwood, Sr. Judge sitting by Designation**

_____

**No. W2006-02644-COA-R3-CV - Filed February 28, 2008**

_____

This appeal arises from a divorce action. Husband appeals the trial court's award of alimony in futuro in the amount of $1600 per month to Wife. Wife asserts this appeal should be dismissed for unclean hands. She further asserts the trial court erred by finding the parties stipulated as to grounds for divorce, in setting alimony at $1600 per month, by not ordering an automatic increase in alimony upon emancipation of the children, by failing to award her all of her attorney's fees, and by ordering Husband to name Wife and the children as beneficiaries of his life insurance policy. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY J., joined.

William Lewis Jenkins, Jr., and Mark L. Hayes, Dyersburg, Tennessee, for the appellant, Randy Coleman. Camp.

Michael A. Carter, Milan, Tennessee, for the appellee, Lisa Faye Roland Camp.

**MEMORANDUM OPINION[1]**

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The parties to this divorce action, Lisa Faye Roland Camp (Ms. Camp) and Randy Coleman Camp (Mr. Camp), were married in 1984. They have two children, born in 1988 and 1990. In August 2005, Ms. Camp filed a complaint for divorce alleging irreconcilable differences as grounds. In January 2006, Ms. Camp amended her complaint to add, as grounds, that Mr. Camp was guilty of inappropriate marital conduct. Mr. Camp answered, admitting irreconcilable differences and that he was guilty of inappropriate marital conduct. In August 2006, Ms. Camp again amended her complaint to add adultery as grounds for divorce. Mr. Camp answered, admitting the grounds alleged by Ms. Camp.

The matter was tried by bench trial in September 2006. At the time of trial, Ms. Camp was forty-six years of age and Mr. Camp was fifty-three years of age. The parties' eldest child had attained the age of majority, and the youngest child was sixteen years of age. During the pendency of this matter, Mr. Camp, an attorney, was employed with the Administrative Office of the Courts of Tennessee at a salary of $120,000 per year. When the matter was tried, he had tendered his resignation effective October 1, 2006. Ms. Camp has an associate's degree and was primarily a homemaker during the course of the marriage.

In its order entered in September 2006, the trial court found that the parties had stipulated that Mr. Camp was at fault and that Ms. Camp was entitled to a divorce on the grounds of inappropriate marital conduct. The trial court found that, although Ms. Camp had not sought employment since the parties' separation, she has an earning capacity between $25,000 and $40,000, depending on whether she completes her degree. The trial court awarded Ms. Camp alimony *in futuro* in the amount of $1600 per month. The trial court further ordered Mr. Camp to maintain a term life insurance policy in the amount of $250,000. By final amended order entered on November 3, 2006, the court ordered that Ms. Camp and the parties' children were to be named as equal beneficiaries of Mr. Camp's life insurance policy. The trial court ordered Mr. Camp to pay $5,000 of Ms. Camp's attorney's fees. Mr. Camp filed a timely notice of appeal to this Court. We affirm.

### *Issues Presented*

Mr. Camp presents the following issues, as we slightly reword them, for our review:

(1)     Whether the trial court erred by awarding Ms. Camp alimony *in futuro* in light of the division of property.

(2)     If the award of alimony *in futuro* is warranted, whether the trial court erred by setting the award in an amount higher than is warranted.

Ms. Camp raises the following additional issues, as we restate them:

(1)     Whether Mr. Camp's appeal should be dismissed on the basis of unclean hands.

(2)     Whether the trial court erred in ruling that the parties stipulated as to the grounds for divorce.

(3)     Whether the trial court erred by not awarding alimony *in futuro* in a greater amount and by not ordering an automatic increase upon emancipation of the parties' younger child.

(4)     Whether the trial court erred by ordering Mr. Camp to name Ms. Camp and the parties' children as beneficiaries of his life insurance policy.

(5)     Whether the trial court erred by failing to award Ms. Camp all of her attorney's fees.

Additionally, Ms. Camp requests an award of attorney's fee's on appeal.

### *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

### *Analysis*

We first turn to Ms. Camp's assertion that this appeal should be dismissed based on the doctrine of unclean hands. Ms. Camp's argument, as we understand it, is that, although Mr. Camp admitted to adultery, he lied about the number of his adulterous relationships. Ms. Camp argues that Mr. Camp should accordingly be estopped from appealing the award of alimony where fault is a factor to be considered in making the award. Even assuming Mr. Camp has had more than one adulterous relationship, he clearly admitted to all grounds asserted by Ms. Camp in her complaint. Further, we cannot fathom how Mr. Camp's admission of adultery and inappropriate marital conduct has prejudiced Ms. Camp, even assuming she is correct in her assertion that Mr. Camp had more than one extramarital relationship. We decline to dismiss this appeal based on unclean hands.

We next address Ms. Camp's assertion that the trial court erred in its determination that the parties had stipulated to inappropriate marital conduct as grounds for divorce. In its order of September 2006, the trial court stated, "[t]he parties have stipulated that the husband is at fault in

the failure of the marriage and that the wife is entitled to an absolute divorce on the grounds of inappropriate marital conduct." In her second amended complaint, Ms. Camp prayed for "a divorce on the ground of adultery, inappropriate marital conduct, or irreconcilable differences." Mr. Camp admitted to the grounds. We find no reversible error in the award of a divorce based on inappropriate marital conduct to Ms. Camp.

We next turn to the award of alimony. Mr. Camp contends that the trial court erred in awarding Ms. Camp alimony *in futuro* rather than rehabilitative alimony, and in setting alimony at an inappropriately high amount. Mr. Camp asserts that, as the trial court found, Ms. Camp is a healthy and intelligent woman who is capable of earning $25,000 to $40,000 per year, depending on whether she completes her bachelor's degree. He argues that the parties did not enjoy a lavish lifestyle during the course of their marriage and that, in light of the division of property, Ms. Camp is able to maintain a lifestyle similar to that enjoyed prior to the divorce and does not need alimony *in futuro*. He further asserts that, given the debt assigned to him, he is unable to pay alimony in the amount ordered. Mr. Camp asserts rehabilitative alimony for a period of three to five years would be an appropriate award in this case. Ms. Camp, on the other hand, asserts that the award of alimony *in futuro* was appropriate, but that the amount of the award is insufficient. In the alternative, she asserts the award should automatically increase upon emancipation of the younger child.

Generally, the appropriateness of an award of alimony depends on the facts and circumstances of each case. The need of the recipient spouse and the obligor spouse's ability to pay are the primary considerations in the determination of an award of alimony. *Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). In making its determination, the court must balance several statutory factors, including those enumerated in section 36-5-121(I) of the Tennessee Code. The type and amount of an alimony award are largely within the discretion of the trial court. *Burlew v. Burlew*, 40 S.W.3d at 470. This Court is not inclined to alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.*

In this case, Ms. Camp is clearly economically disadvantaged in comparison with Mr. Camp. Further, although the General Assembly has expressed a preference for rehabilitation of the economically disadvantaged spouse, it has defined rehabilitation as meaning

> to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

Tennessee Code Annotated § 36-5-121(d)(2)(2005). Upon review of the record in this case and in light of the factors enumerated at Tennessee Code Annotated § 36-5-121(I), including the property division resulting in a net award in the amount of approximately $570,400 to Mr. Camp and $772,600 to Ms. Camp, the earning capacity and work experience of the parties, the long duration of this marriage, and the admitted fault of Mr. Camp, we cannot say that the trial court abused its

discretion in awarding alimony *in futuro* to Ms. Camp in the amount of $1600 per month. We affirm the award of alimony.

We turn to Ms. Camp's assertion that the trial court erred in ordering Mr. Camp to name Ms. Camp and the parties' children as equal beneficiaries of his life insurance policy. Ms. Camp offers no legal basis for her position, but contends that the parties' youngest child will attain the age of majority in Spring 2008, that Mr. Camp's child support obligation terminates at that time, and that the court erred by granting Mr. Camp's request that the children be named as equal beneficiaries where the life insurance policy is intended to secure his alimony obligation.

Tennessee Code Annotated § 36-5-121(k) provides that the trial court *may* direct an obligor spouse to obtain life insurance to secure an obligation of support. In his response to Ms. Camp's motion to amend in the trial court, Mr. Camp acknowledged the court's authority to order him to maintain life insurance, and requested to be permitted to name Ms. Camp and the children as equal beneficiaries. The net result of the trial court's order is that Mr. Camp's alimony obligation is secured by a life insurance policy in the amount of approximately $84,000. Mr. Camp additionally has voluntarily agreed to maintain life insurance in the amount of $84,000 for each child. Finding no abuse of discretion, we affirm.

We finally turn to the trial court's award of attorney's fees in the amount of $5,000 to Ms. Camp. Ms. Camp asserts she incurred $20,227 in attorney's fees and litigation costs through the date of trial, and that the trial court erred by failing to award her all of her attorney's fees. An award of attorney's fees in a divorce case is treated as an award of alimony. *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002)(citations omitted). When determining whether an award of attorney's fees is appropriate, the trial court must consider the statutory factors used when considering an alimony request, but need is the primary factor. *Id.* An award of attorney's fees is appropriate when one spouse is economically disadvantaged and does not have sufficient resources with which to pay those fees. *Id.* at 513. The questions of whether to award attorney's fees, and the amount thereof, are left largely within the discretion of the trial court. *Id.* In light of the property division and alimony award in this case, we find no abuse of discretion in the trial court's award. We affirm.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Ms. Camp's request for attorney's fees on appeal is denied. Costs of this appeal are taxed one-half to the Appellee, Lisa Faye Roland Camp, and one-half to the Appellant, Randy Coleman Camp, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE